UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS ALLEN GORDON,

    Plaintiff,

v.

JOE BARNETT, *et al*,

    Defendants.

Case No.  C03-5524KLS

ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45

    This matter is before the court on plaintiff's filing of a motion to compel discovery on May 9, 2005. (Dkt. #67).  After reviewing plaintiff's motion and the remaining record, the court hereby finds and ORDERS:

    In his motion, plaintiff sought to compel the "Correctional Records Specialist" at the Washington State Penitentiary, a non-party to this action, to comply with a subpoena to produce and to permit plaintiff to inspect and copy his prison file.  Plaintiff had filed a substantially similar motion on February 24, 2005 (Dkt. #48), which the court denied on April 6, 2005 (Dkt. #58).

    Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45(c)(2)(B), a party may move to compel production of documents "upon notice to the person commanded to produce."  In denying plaintiff's prior motion to compel, the court noted that it did not appear plaintiff had served his motion on

the person commanded to produce the requested documents. Although it appeared plaintiff had served his second motion on the person commanded to produce the requested documents, a review of that motion indicated it remained deficient in another respect.

Fed. R. Civ. P. 45(b)(1) requires that "[p]rior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by" Fed. R. Civ. P. 5(b). Plaintiff's second motion and attached exhibits indicated that defendants were not given such prior notice. Because plaintiff did not fully comply with the requirements of Fed. R. Civ. P. 45, the court found his subpoena to be defective.

On June 15, 2005, therefore, the court informed plaintiff that it would not order the Correctional Records Specialist at the Washington State Penitentiary to comply with his subpoena at this time. Rather, the court directed plaintiff to serve the subpoena on defendants by no later than July 5, 2005. In addition, the court re-noted plaintiff's second motion to compel discovery for consideration on July 30, 2005, to enable defendants to file a response, if any, to the subpoena and plaintiff's motion.

To date, however, nothing in the record indicates that plaintiff has served the subpoena on any of the defendants. Accordingly, as plaintiff's subpoena remains defective under Fed. R. Civ. P. 45, and he has failed to cure that deficiency, his second motion to compel discovery (Dkt. #67) hereby is DENIED.

The clerk is directed to send copies of this Order to plaintiff and counsel for defendants.

DATED this 16th day of August, 2005.

Karen L. Strombom
United States Magistrate Judge