UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS ALLEN GORDON,

    Plaintiff,

v.

JOE BARNETT, *et al*,

    Defendants.

Case No. C03-5524KLS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This matter is before the court on plaintiff's filing of a motion to compel discovery, seeking an order to compel defendants to respond to his third request for production of documents and third set of interrogatories. (Dkt. #104). Defendants have not responded to plaintiff's motion. Nevertheless, after reviewing that motion and the remaining record, the court hereby finds and ORDERS:

A party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37(a). Fed. R. Civ. P. 37(a)(2)(B) reads in relevant part:

> If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspections as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

The motion also "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to

ORDER
Page - 1

confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule (CR) 37(a)(2)(A).

A review of the record, however, reveals that plaintiff's motion to compel does not include the certification required by Fed. R. Civ. P. 37(a)(1)(B). Although plaintiff alleges defendants have not responded to or acknowledged his discovery requests, it is plaintiff's duty, as the moving party, to certify to the court that he has made a good faith effort to resolve the discovery dispute. Plaintiff has not shown that he made a good faith effort to secure the desired discovery by conferring with defense counsel via a face-to-face meeting or telephonic conference. While a face-to-face meeting may be difficult considering plaintiff's current incarceration in the Multnomah County Jail located in Portland, Oregon, a telephonic conference would still appear to be available.

Accordingly, plaintiff's motions to compel discovery (Dkt. #104) is DENIED.

The clerk is directed to send copies of this Order to plaintiff and counsel for defendants.

DATED this 3rd day of October, 2005.

Karen L. Strombom
United States Magistrate Judge