UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS ALLEN GORDON,

                    Plaintiff,

          v.

JOE BARNETT, *et al*,

                    Defendants.

Case No.  C03-5524KLS

ORDER DENYING PLAINTIFF'S
MOTION TO ALLOW
DEPOSITIONS AND
EMERGENCY MOTION

          This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §
636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure.
The case is before the Court on plaintiff's filing of a motion to allow depositions (Dkt. #159) and an
emergency motion (Dkt. #161).   After reviewing plaintiff's motions, defendants' responses thereto and
the balance of the record, the Court finds and orders as follows:

I.          Motion to Allow Depositions

          On May 25, 2007, the Court issued a pretrial scheduling order setting a discovery cutoff deadline
of October 25, 2007. (Dkt. #145).  Plaintiff states in the declaration he submitted in support of his motion,
both of which were filed on October 18, 2007 and noted for consideration on November 2, 2007, that he
had "sought to complete discovery in this matter" by deposing two other Washington State Department of
Corrections prisoners since July 2007. (Dkt. #159-2, p. 1).  Plaintiff asserts, however, that he has not been
able to "finalize discovery and move on," due to being in "maximum security" and because he does not

know how to formulate depositions upon written questions. (<u>Id.</u> at p. 2).

Specifically, plaintiff claims that sometime prior to July 31, 2007, he called defendants' counsel to inquire about how to take depositions upon written questions. Plaintiff claims a "stipulation order" was discussed, which he states he "was more than willing to have in effect." (<u>Id.</u>). He further states that later defendants' counsel sent him a letter citing the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 31, but which failed to give examples as to how to formulate the written questions. Plaintiff also states that he sent the law library at the prison where he is incarcerated "frequent written requests inquiring how to take depositions upon written questions," but "to no avail." (<u>Id.</u>).

Plaintiff states that on September 25, 2007, he again inquired as to whether defendants' counsel could confirm the availability of the individuals he previously had sought to depose. Plaintiff states that on October 5, 2007, he received a letter from defendants' counsel, in which defendants' counsel stated that he was not willing to agree to depositions beyond October 5, 2007, but that if written questions were received by that date, depositions might be possible. Lastly, plaintiff states that he is not requesting here anything other than taking depositions upon written questions pursuant to Fed. R. Civ. P. 31, that he still is not clear on how to do so, and that he wishes to consult further with defendants' counsel to facilitate the completion of discovery in this regard.

In his response to plaintiff's motion (Dkt. #160), defendants' counsel states that plaintiff expressed a desire to conduct depositions during a July 25, 2007 telephone conference. However, because plaintiff was imprisoned, defendants' counsel states he suggested plaintiff consider taking depositions on written interrogatories. Defendants' counsel states that on July 31, 2007, he sent plaintiff a letter, along with a copy of Fed. R. Civ. P. 31, in which he pointed out that court approval was required to take depositions of prison inmates. (<u>See</u> Dkt. #160-2). In that letter, defendants' counsel also stated that once plaintiff's list of potential deponents was received, he would confirm their availability, and that plaintiff's court reporter would be welcome to use one of his conference rooms for the depositions.

Defendants' counsel states that also on July 31, 2007, he received a letter from plaintiff, dated July 25, 2007, naming three individuals in addition to the named defendants whom plaintiff wished to depose, but no direct examination questions. (<u>See</u> Dkt. #160-3). In that letter, however, plaintiff does further ask that defendants' counsel inform him as to the proper procedure for conducting depositions upon written questions under the Federal Rules of Civil Procedure.

1    Defendants' counsel states that on October 1, 2007, he received a letter from plaintiff, dated

2    September 25, 2007.  In that letter, plaintiff inquires as to whether defendants' counsel had received the

3    letter he sent "over a month ago," that discovery in this matter was due to end the next month, and that he

4    would like to pursue obtaining depositions. (Dkt. #160-4).  Plaintiff concludes that letter by asking

5    defendants' counsel to please let him know how to go about accomplishing the above.

6    Defendants' counsel states that he sent a letter to plaintiff that same day, in which he reiterated the

7    requirements of Fed. R. Civ. P. 31, and quoted verbatim Fed. R. Civ. P. 31(a). (Dkt. #160-5).  In addition,

8    defendants' counsel stated that it appeared adherence to that rule would take them beyond the October 25,

9    2007 discovery deadline, and that he was not willing to agree to depositions beyond that deadline, stating

10   further as follows:

11       However, if I receive your questions on or before Friday, October 5th *and* you do not
         serve any redirect questions, it may be possible to conduct the depositions before the

12       discovery deadline.

13   (Id.) (emphasis in original).

14   Plaintiff claims he is not seeking an extension of time to complete discovery, but by waiting to file

15   his motion a mere one week prior to the discovery deadline, he in effect is doing so.  Plaintiff also has not

16   shown he has acted with due diligence in pursuing discovery to warrant the granting of his motion.  For

17   example, the record shows two months passed between May 25, 2007, the date the Court issued its order

18   setting the discovery deadline and July 25, 2007, when plaintiff first informed defendants' counsel of his

19   desire to take depositions.  Despite the information defendants' counsel provided plaintiff concerning the

20   taking of depositions on written questions pursuant to Fed. R. Civ. P. 31, it appears that plaintiff did little

21   to pursue the matter until September 25, 2007, or another two months.

22   Even then plaintiff merely repeated his desire to pursue discovery and inquire again regarding how

23   to go about doing so.  While plaintiff may not be familiar with conducting discovery, and in particular the

24   taking of depositions on written questions, that is no different from the majority of *pro se* prisoners who

25   file civil rights complaints in this Court.  In addition, blame for plaintiff's failure to successfully complete

26   the discovery he desires cannot be placed on defendants' counsel.  Indeed, based on the record before the

27   Court, defendants' counsel went beyond what he was required to do by providing plaintiff with a copy of

28   the applicable rules of civil procedure.  Defendants' counsel was under no obligation to assist plaintiff in

formulating the deposition questions themselves or in securing a court reporter on his behalf or otherwise

1   to provide him with legal advice in prosecuting his case.

2          The Court further notes that defendants' counsel offered to work cooperatively with plaintiff, but

3   reasonably requested plaintiff to provide the names of the individuals he desired to depose, the schedules

4   for those depositions and the questions plaintiff desired to ask.  Plaintiff also could have sought to have

5   oral depositions taken of at least the named defendants, but appears to have chosen not to have pursued

6   that option as well.  Nor does the Court find the suggestion by defendants' counsel that plaintiff consider

7   pursuing depositions on written questions instead, as defendants' counsel never stated or implied such

8   was required by the rules of civil procedure.

9          In sum, plaintiff had five months to complete discovery in this matter, including the taking of

10  depositions.  He fails to explain why for at least four of those months he did not actively try to do so.  For

11  example, even though plaintiff may not have known the exact form depositions on written questions take,

12  he could have made some attempt to present defendants' counsel with a list of questions.  In addition, as

13  explained above, plaintiff cannot reasonably rely on his inexperience in taking depositions, or on the lack

14  of further help or legal advice from defendants' counsel, to argue he now should be allowed to conduct

15  depositions in this matter.  Indeed, had plaintiff asked the Court for such assistance, it too could not have

16  done more than direct plaintiff to the applicable rules of civil procedure.

17         Accordingly, for all of the foregoing reasons, plaintiff's motion to allow depositions (Dkt. #159)

18  hereby is DENIED.

19  II.    <u>Emergency Motion</u>

20         On November 9, 2007, plaintiff filed an "emergency motion," requesting that the Court stay all

21  proceedings in this matter. (Dkt. #159).  Plaintiff makes his request on the basis of a recent transfer to the

22  Washington State Penitentiary ("WSP").  Specifically, plaintiff states at the time he filed his motion that

23  he had been at WSP for about a week, and that the "property officer" had told him it might be another

24  week before he received his legal material.

25         Given that enough time has passed for plaintiff to have received his legal property and plaintiff

26  has not claimed, let alone alleged, that any delay in receiving his legal property has affected his ability to

27

28

ORDER
Page - 4

reply to defendants' response to his motion to allow depositions,[1] the Court sees no need to stay its decision on his motion to allow depositions, let alone on all proceedings in this matter.  Plaintiff's emergency motion (Dkt. #159), therefore, hereby is DENIED.  If, however, plaintiff feels the period of time during which he lacked access to legal property will adversely impact his ability to properly respond to defendants' motion for summary judgment, now set for consideration on December 21, 2007, he may file a motion seeking an extension of time to respond thereto containing sufficient support therefor.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 7th day of December, 2007.

Karen L. Strombom
United States Magistrate Judge

_____

[1]Indeed, plaintiff filed his emergency motion after the date his motion to allow depositions was noted for consideration, and thus after the deadline for submission of his reply with respect thereto.

ORDER
Page - 5