1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS ALLEN GORDON,

              Plaintiff,

      v.

JOE BARNETT, *et al*,

              Defendants.

Case No.  C03-5524KLS

ORDER GRANTING MOTION
TO DISMISS AND MOTION FOR
EXTENSION OF TIME TO
RESPOND TO MOTION FOR
SUMMARY JUDGMENT

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on defendants' filing of a combined motion to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b) and motion for summary judgment (Dkt. #162) and plaintiff's motion for extension of time (Dkt. #176).  After reviewing defendants' combined motion, plaintiff's responses to that motion, defendants' reply thereto, plaintiff's motion, and the balance of the record, the Court finds and orders as follows:

      In his second amended complaint, plaintiff claims that while he was at the Clark County Jail, he was placed on a restricted diet consisting of a food mixture termed "Nutraloaf" in violation of his Eighth

ORDER
Page - 1

Amendment rights against cruel and unusual punishment. (Dkt. #140).  Specifically, he alleges placement on the Nutraloaf diet caused him to suffer physical harm, including constipation and loss of body weight. Defendants brought their motion for summary judgment with respect to this claim only.  In addition to the Nutraloaf claim, plaintiff makes a number of other claims against defendants concerning their treatment of him while at the Clark County Jail.  With respect to those claims, defendants have moved to dismiss them pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust his administrative remedies.

I.      Defendants' Motion to Dismiss

The PLRA provides that "[n]o action shall be brought with respect to prison conditions" under 42 U.S.C. § 1983 by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Since passage of this section of the PLRA, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2382 (2006) (finding prisoners now must exhaust all available remedies); see also Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[E]xhaustion in cases covered by § 1997e(a) is now mandatory.").  "Even when the prisoner seeks relief not available in grievance proceedings," furthermore, "exhaustion is a prerequisite" to filing a civil rights action in federal court. Porter, 534 U.S. at 524.

The "proper exhaustion of administrative remedies" requires "using all steps" the prison "holds out, and doing so *properly*," so that the prison "addresses the issues on the merits." Woodford, 126. S.Ct. at 2385 (emphasis in original).  Thus, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 2386.  Failure to properly exhaust administrative remedies requires dismissal of the underlying complaint without prejudice. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); Wyatt, 315 F.3d at 1120 (if court concludes that prisoner has not exhausted nonjudicial remedies, proper remedy is dismissal of claim without prejudice); see also Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (suit filed by prisoner before administrative remedies have been exhausted must be dismissed; district court lacks discretion to resolve claim on merits, even if prisoner exhausts intra-prison remedies before judgment).

Defendants argue in their motion to dismiss that plaintiff failed to appeal any of the grievances he filed at the Clark County Jail, other than with respect to three grievances concerning the Nutraloaf diet. In his response to their motion, plaintiff admits that he failed to exhaust all of his claims against defendants, except for his claim concerning the Nutraloaf diet. (Dkt. #171).  Accordingly, the Court also

1  hereby finds plaintiff has failed to exhaust his administrative remedies regarding all but the Nutraloaf diet

2  claim.  All claims other than the Nutraloaf diet claim, therefore, hereby are dismissed without prejudice.

3  As such, defendants' motion to dismiss (Dkt. #162) hereby is GRANTED.

4  II.    Defendants' Motion for Summary Judgment

5           In their motion to dismiss, defendants assert plaintiff was placed on a restricted Nutraloaf diet due

6  to his "incorrigible behavior" justifying the disciplinary use of that diet. (Dkt. #162, pp. 10-11).  They

7  further assert that the Nutraloaf diet is nutritionally adequate and that there is no evidence it was

8  medically contraindicated or otherwise adversely affected plaintiff's health.  In addition, defendants argue

9  that in Lemair v. Moss, 12. F.3d 1444 (9th Cir. 1993), the Ninth Circuit recognized that a Nutraloaf diet

10  does not deprive an inmate of adequate food in violation of the Eighth Amendment.

11           Plaintiff did not address the arguments defendants made in their motion for summary judgment in

12  the response he filed on December 7, 2007, but instead requested an extension of time to respond thereto

13  for the following reasons: he had a motion in opposition to a summary judgment he had to file in another

14  case in this Court; defendants still had not responded to a fourth set of interrogatories he had sent them on

15  June 11, 2007; and his motion for depositions (Dkt. #159) was still pending before this Court. (Dkt.

16  #167).  In their reply, defendants asks the Court to deny plaintiff's request.  They argue that in making his

17  request, plaintiff has failed to meet the requirements of Fed. R. Civ. P. 56(f).

18           Fed. R. Civ. P. 56(f) reads as follows:

19           **When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit
             that, for specified reasons, it cannot present facts essential to justify its opposition, the
20           court may:

21           **(1)** deny the motion;

22           **(2)** order a continuance to enable affidavits to be obtained, depositions to be taken, or
             other discovery to be undertaken; or
23
             **(3)** issue any other just order.
24
     The denial of a motion brought pursuant to Fed. R. Civ. P. 56(f) "is generally disfavored where the party
25
     opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant
26
     information, (d) where there is some basis for believing that the information sought actually exists."
27
     VISA Intern. Service Ass'n v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir. 1986).
28
              While plaintiff has timely made his request, defendants argue he has not met the other two above

1   requirements.  In addition, defendants state that the need to respond to a motion for summary judgment in

2   another case is not a valid basis for seeking relief under Fed. R. Civ. P. 56(f).  They further point out that

3   answers to plaintiff's fourth set of interrogatories now have been provided, and that the Court already has

4   denied his motion for depositions.  (See Dkt. #159 and #167).  In addition, defendants assert plaintiff has

5   been dilatory in seeking discovery in this matter.  Lastly, defendants argue that irrespective of any factual

6   assertions plaintiff may make, he cannot meet the threshold showing of a deprivation cognizable under

7   the Eighth Amendment.

8          On December 26, 2007, plaintiff filed a motion for extension of time to respond to defendants'

9   motion for summary judgment.  (Dkt. #176).  Plaintiff bases his latest request on the following: he had an

10  "opposition motion" due in another case within a week; and he was in a maximum security prison that did

11  not have a readily available law library, which also lacks bound volumes of federal case law.  No

12  response to this motion has been filed by defendants.

13         As defendants assert, it appears plaintiff has not met the standards of Fed. R. Civ. P. 56(f).  That

14  rule of civil procedure, however, is not the stated basis for either of the two requests for extension of time

15  plaintiff has made here.  In addition, while two of the three bases for seeking an extension of time

16  plaintiff sets forth in his response defendants' motion for summary judgment no longer seem to be present

17  – i.e., the issues regarding his motion for depositions and request for interrogatories – and while the fact

18  that plaintiff may have a deadline in a separate civil matter and may be restricted to some extent in his

19  access to legal resources are not, without more, necessarily convincing reasons for seeking an extension

20  of time, the Court shall grant him a short one here.

21         Specifically, the Court finds that it is appropriate in the interests of justice and fair resolution of

22  this matter to grant plaintiff an extension of time in which to respond to defendants motion for summary

23  judgment.  Plaintiff shall have until **no later than March 17, 2008**, in which to do so.  Plaintiff is

24  warned, however, that in light of the above lack of convincing reasons he has put forth for seeking

25  additional time to respond to defendants' motion, this is the last such extension the Court will grant.

26         Accordingly, to the extent noted above, plaintiff's motion for extension of time (Dkt. #176)

27  hereby is GRANTED.  Defendants shall file their reply, if any, to plaintiff's response by **no later than**

28  **March 20, 2008**.  Defendants' motion for summary judgment (Dkt. #162) is re-noted for consideration on

**March 21, 2008**.

ORDER
Page - 4

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 21st day of February, 2008.


Karen L. Strombom
United States Magistrate Judge