UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS ALLEN GORDON,

          Plaintiff,

v.

JOE BARNETT, *et al*,

          Defendants.

Case No. C03-5524KLS

ORDER ON REMAND DIRECTING DEFENDANTS TO FILE MOTION FOR SUMMARY JUDGMENT REGARDING DUE PROCESS ISSUE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72. This case is back before the Court on the Ninth Circuit Court of Appeals Decision to affirm in part, vacate in part and remand for further proceedings this Court's order, dated April 3, 2008 (Dkt. #188), granting defendants' motion for summary judgment (Dkt. #162). After reviewing the Ninth Circuit's opinion (Dkt. #194) and the balance of the record, the Court hereby orders as follows:

On July 6, 2009, the Ninth Circuit issued its opinion regarding plaintiff's appeal of this Court's order, finding that the Court properly granted summary judgment on plaintiff's claim that his placement on Nutraloaf violated the Eighth Amendment's prohibition against cruel and unusual punishment. (Id. at p. 2). The Court of Appeals went on to find in relevant part, however, as follows:

> . . . [Plaintiff] also claimed that he was placed on Nutraloaf without a hearing and that defendants were therefore prohibited from punishing him. The Fourteenth Amendment's Due Process Clause prohibits a jail from "punishing" a pretrial detainee without a due process hearing. There is no dispute that Gordon was placed on the

ORDER
Page - 1

Nutraloaf diet as punishment for his disciplinary infractions; as such, he was entitled to a due process hearing. . . .

We remand for further proceedings on Gordon's due process claim consistent with this disposition.

(Id.) (internal citations omitted). On July 29, 2009, the Court of Appeals issued its mandate. (Dkt. #196). Accordingly, this matter is now back before this Court.

As the parties already completed discovery in this matter prior to the defendants filing their motion for summary judgment, and as there is no indication further discovery is necessary at this time, defendants hereby are ordered to file a motion for summary judgment in regard to the one remaining issue in this case concerning due process by **no later than October 30, 2009**, to be noted for consideration on **November 27, 2009**. Plaintiff shall file a response to defendants' motion for summary judgment, if any, by **no later than November 23, 2009**. Defendants' reply to plaintiff's response, if any, shall be due by **no later than November 26, 2009**.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 31st day of July, 2009.

Karen L. Strombom
United States Magistrate Judge