UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS ALLEN GORDON,

        Plaintiff,

 v.

JOE BARNETT, JOE DUNEGAN, KIM BELTRAN, CHRIS WOLFE, VICKI ADAMS, PAUL FLORES, and PAT MONTEE,

        Defendants.

NO. C03-5524 KLS

ORDER DENYING MOTION FOR EXTENSION OF TIME

Before the court is Plaintiff's motion for extension of time. ECF No. 206. Plaintiff requests a sixty day extension "due to his being without legal materials and solitary confinement in segregation." *Id.* In the declaration attached to his motion, Plaintiff states that he spent two months in segregation in October and November and between November and December, he was "in and out of the Mental Health Unit." *Id.*, p. 2. Defendants oppose Plaintiff's motion for an extension of time and request entry of an Order, pursuant to Fed. R. Civ. P. Rules 56(c)(1)(B) and 12(f), granting Defendants' motion to strike plaintiff's pleading on the grounds that it is untimely and impertinent. ECF No. 207.

## BACKGROUND

Plaintiff filed his complaint in this action on September 25, 2003. ECF No. 1. On November 11, 2007, Defendants filed a motion for summary judgment. ECF No. 162. Plaintiff responded to the motion on December 7, 2007. ECF No. 171. Defendants filed a reply brief on December 14, 2007. ECF No. 174. On December 26, 2007, plaintiff filed a

ORDER - 1

motion for extension of time to file a response to the motion for summary judgment. ECF No. 176. That motion was granted on February 21, 2008. ECF No. 177. Plaintiff filed his response on March 18, 2008. ECF No. 178. Defendants filed their reply on March 20, 2008. ECF No. 183. Plaintiff filed a response on April 2, 2008. ECF No. 184.

On April 3, 2008, this court granted defendants' motion for summary judgment and dismissed the action. ECF No. 188. Plaintiff filed a notice of appeal on April 17, 2008. ECF No. 190. On July 6, 2009, the Ninth Circuit Court of Appeals filed its memorandum, affirming in part and vacating in part. ECF No. 194. On July 15, 2009, Deputy Prosecuting Attorney Gene Pearce filed a notice of appearance on behalf of defendants. ECF No. 195. On July 29, 2009, a mandate was received by the Ninth Circuit Court of Appeals. ECF No. 196. This court ordered defendants to file their motion for summary judgment on the sole issue of due process. ECF No. 197.

On October 27, 2009, Defendants filed a motion for an extension of time to file their summary judgment motion (ECF No. 198), which the court granted on November 10, 2009, re-noting the date for consideration of the motion for summary judgment until December 25, 2009. ECF No. 199. On December 1, 2009, defendants timely filed their motion for summary judgment. ECF No. 200. Although plaintiff was granted the opportunity to file a response to that motion, he failed to do so. On February 16, 2010, the court granted Defendants' motion for summary judgment and dismissed Plaintiff's complaint. ECF Nos. 203 and 204. The court's Order on the motion for summary judgment was sent to Plaintiff at the Washington State Penitentiary and forwarded to Monroe Correction Center, but was returned as not deliverable. ECF No. 205.

Over eleven months after the order of dismissal, Plaintiff files his current motion for a sixty day extension of time.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 56(c)(1)(B), Plaintiff was required to file his response to Defendants motion for summary judgment (filed on December 1, 2009), "within 21 days after the motion is served or a responsive pleading is due, whichever is later." Plaintiff never filed a response. On February 16, 2010, the court granted Defendants' motion for summary judgment and dismissed the case. ECF Nos. 203 and 204. Thus, Plaintiff's motion for an extension of time is untimely. Judgment has been rendered in favor of Defendants, Plaintiff's complaint was dismissed, and this case is closed. Although the record reflects that Plaintiff did not receive the court's mailing containing the Order granting Defendants' motion for summary judgment, Plaintiff's answer to the motion was due over eleven months ago and he waited over eleven months to request an extension. Plaintiff states that he spent two months in segregation in October and November and was "in and out" of the Mental Health Unit between November and December. ECF No. 206, p. 2. Plaintiff does not explain, however, how this is relevant to a response that was due in December of 2009. Even if the court assumes that Plaintiff spent that time in segregation in 2009, Plaintiff offers no explanation of why he waited over eleven months to seek an extension of time.

Accordingly, it is **ORDERED:**

1)      Plaintiff's motion for an extension (ECF No. 206) is **DENIED.**

(3)      The Clerk is further directed to send copies of this Order to Petitioner and to counsel for Respondent.

**DATED** this  3rd  day of February, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3